**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| TOM PUCKETT and LAURA PUCKETT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 08-1041 |
| THE DEPARTMENT OF CHILDREN AND SERVICES, DCFS CASE WORKER, ERIN BAKER, CHADDOCK CHILD AND FAMILY CENTER, CHADDOCK CASEWORKER, LISA BRANDON, in their official and Individual capacities, Et. Al. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants' Motions to Dismiss. Defendants, Department of Children and Family Services ("DCFS") and Erin Baker filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6), or, in the alternative, for a More Definite Statement Pursuant to Rule 12(e) [#24]. Defendants, Chaddock Child and Family Center ("CCFC") and Lisa Brandon, filed a Motion to Dismiss Pursuant to 12(b)(1) [#32]. Plaintiffs, Tom and Laura Puckett ("the Pucketts"), filed a Response to each Motion. For the reasons set forth below, the Motions to Dismiss [#24] and [#32] are GRANTED.

**BACKGROUND**

On February 6, 2008, the Pucketts filed a Complaint against "[t]he State of Illinois in its official and individual capacities, et al" alleging violations of 42 U.S.C. §§ 1981-1988, violation of 30 ILCS 540 (State Prompt Payment Act) and intentional or negligent infliction of emotional distress. The Pucketts alleged that a state court ordered them to undergo counseling, psychological assessments, and drug and alcohol testing, and that DCFS would reimburse them for those costs.

On April 17, 2008, the State of Illinois filed a Motion to Dismiss, arguing that the Court did not have jurisdiction over the matter because it had immunity under the Eleventh Amendment. On June 30, 2008, the Court granted the Defendant's Motion, finding that the doctrine of sovereign immunity applied and noting that sovereign immunity would still apply if the Pucketts named DCFS as a party. The Court granted the Pucketts leave to file an Amended Complaint.

On July 11, 2005, the Pucketts filed an Amended Complaint, naming DCFS, DCFS case worker Erin Baker, CCFC, and CCFC case worker Lisa Brandon. The Pucketts alleged violations of 42 U.S.C. §§ 1981-1988, violation of 30 ILCS 540 (State Prompt Payment Act), intentional or negligent infliction of emotional distress, violations of Title 18, 241 and 242, 18 USCA 1951 (The Hobbs Act), and Title 18, U.S.C., Section 1001.

While the Pucketts' Amended Complaint is somewhat unclear, it appears they continue to complain about the treatment they received in Illinois juvenile court. The Court interprets the crux of the Pucketts' Complaint to seek an enforcement of a state court order, either by ordering Defendants to comply with the order, or by ordering

Defendants to pay damages for not complying with the order. The Pucketts alleged the following in their Amended Complaint:

- On September 22nd 2005 the Department of Children and Family Services caused a juvenile case to be opened in Hancock County, Illinois naming the Plaintiffs as Defendants in case 05-JA-9. (Am. Compl. ¶ 5).
- During the proceedings of the case DCFS/Chaddock requested that the State Family Court Judge order the Puckett's to various services like family counseling, individual psychological assessments, drug and alcohol testing With the Department of Children and Family Services... (Am. Compl. ¶ 6).
- [A] judge sitting in the Hancock County's Division of the Probate & Family Court granted the Plaintiffs request to be reimbursed for the expenses of all these services and gave the Puckett's an order stating DCFS was to pay the Plaintiffs as well as declaring Chaddock had not made a reasonable effort to the Plaintiffs for not following the previous Court order to provide services to the Plaintiffs in full view of Defendants, Chaddock as well as DCFS representative which were present in Court and was also given this order on the same day. (Am. Compl. ¶ 7).
    - Court note: The Pucketts attached to their Amended Complaint an Order from Henderson County, Illinois, dated January 24, 2007, that states, "I. Father's Motion to Compel Payment Granted; DCFS & Chaddock Ordered to Reimburse Father." (Am. Compl., Ex. B).
- After repeated requests made by the Puckett's to their local DCFS office they still have not been reimbursed for the thousands of dollars worth of pointless and redundant services the Defendants insisted they go to. (Am. Compl. ¶ 8).

All of the Defendants moved to dismiss Pucketts' Complaint, pursuant to the abstention doctrine found in *Younger v. Harris*, 401 U.S. 37 (1971).[1]

## DISCUSSION

---

[1] Defendants DCFS and Erin Baker also moved to dismiss the Amended Complaint based on sovereign immunity, moved to dismiss the allegations of Title 18, 241, and 242, 18 USCA 1951 (the Hobbs Act), and Title 18, U.S.C., Section 1001, arguing that no private cause of action exists to enforce criminal statutes; moved to dismiss the allegations under the State Prompt Payment Act, 20 ILCS 540, arguing that the act does not apply to Plaintiffs; moved to dismiss the due process violations, arguing that Plaintiffs pled enough facts to establish that their due process rights had not been violated and that there is a state law remedy; arguing that the Court lacked jurisdiction under *Rooker-Feldman;* and that Plaintiffs failed to state a claim for violation of equal protection. However, for the purposes of this Order, the Court will only discuss their abstention argument.

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

**Abstention Doctrine**

The Abstention Doctrine under *Younger* and its progeny "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). Although *Younger* arose in the context of a pending state court prosecution, courts now hold that the abstention doctrine "require[s] federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances- like bias or harassment- exist which auger against abstention." *Id.* at 596 (internal citations omitted).

Defendants argue that the abstention applies because the Pucketts plead that they are involved in an ongoing juvenile case regarding their children. They further argue that the underlying juvenile proceedings are judicial in nature, and, because they pertain to the custody and care of their children, the proceedings implicate important state interests. Defendants claim that no extraordinary circumstances exist to suggest that abstention is inappropriate because the Pucketts fail to show (1) that the pending state court proceeding was motivated by a desire to harass or was conducted in bad faith; or (2) that they have an extraordinarily pressing need to immediate equitable relief that will irreparably injure them, if not granted. See *Moore v. Sims,* 442 U.S. 415, 433 (1979).

The Pucketts do not dispute that they are involved in juvenile proceedings or that the state court has the power to grant them an adequate remedy. Further, even if the Pucketts did not seek a remedy in state court, it would be improper for this Court to provide such relief because when a litigant fails to present his federal claims in the related state court proceeding, a federal court should assume that the state procedures would have afforded an adequate remedy. *Green v. Benden,* 281 F.3d 661, 667 (7th Cir. 2002) (internal citation omitted).

The Pucketts contend that abstention is inappropriate because extraordinary circumstances exist. In their Response, they state: "Its been almost two years since DCFS CHADDOCK were ordered to reimburse plaintiffs and this is an extreme issue above what any reasonable person should be put through." (Resp. to Chaddock Mot. to Dismiss, 6).

The Court does not find the Pucketts' argument to be persuasive. The Court does not find that any extraordinary circumstances exist to suggest that abstention is inappropriate. The Pucketts have failed to show that the pending juvenile court proceeding was motivated by a desire to harass nor have they demonstrated that they have an extraordinarily pressing need for immediate equitable relief. Further, a proper remedy can be sought in state court: if the Pucketts can prove that the Defendants willfully violated the state court's orders, they can move to initiate a contempt proceeding before that court. This Order is an order granting dismissal, without prejudice.

## CONCLUSION

For the reasons set forth herein, the Motions to Dismiss [#24] and [#32] are GRANTED.

ENTERED this 10th day of November, 2008.

        /s Michael M. Mihm
      Michael M. Mihm
      United States District Judge